UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
JUL 1 3 2023
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

SHAWN T.[1],

        Plaintiff,

   v.                                      21-CV-26 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

## DECISION AND ORDER

Plaintiff Shawn T. brought this action under 42 U.S.C. § 405(g) of the Social

Security Act, seeking review of the decision made by the Commissioner of the Social

Security Administration finding that he was not disabled.  Dkt. 1.  Plaintiff moved

for judgment on the pleadings.  Dkt. 6.  The Commissioner responded and cross-

moved for judgment on the pleadings, to which Plaintiff replied.  Dkts. 9, 10.  For

the reasons below, the Court denies Plaintiff's motion and grants the

Commissioner's cross motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing
Order regarding the naming of plaintiffs in Social Security decisions, this decision
and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Disability Insurance Benefits ("DIB") filed on July 11, 2017.[2]  Tr. 88.[3]  Plaintiff's application was initially denied, and he requested a hearing before an administrative law judge ("ALJ").  Tr. 46-87.  Following the hearing, in which Plaintiff was represented by counsel, ALJ Paul Georger issued a decision finding that Plaintiff was not disabled.  Tr. 24-45. Plaintiff's request for Appeals Council ("AC") review was denied, after which he commenced this action.  Tr. 1-6; Dkt. 1.

## LEGAL STANDARDS

### I.    District Court Review

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied.  *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013).  The Commissioner's factual findings are conclusive when supported by substantial evidence.  *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019).  "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a

---

[2] Plaintiff applied for SSD benefits only.  To receive SSD, a claimant must show that he became disabled while meeting the Act's insured status requirements.  *See* 42 U.S.C. § 423(d)(1)(A); *Schillo v. Kijakazi*, 31 F.4th 64, 69-70 (2d Cir. 2022).

[3] The filings at Dkts. 4 and 5 are the transcript of the proceedings before the Social Security Administration.  All references to Dkts. 4 and 5 are hereby denoted "Tr. __."

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

While the Court does not determine *de novo* whether the claimant is disabled, the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable doubt as to whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (holding that the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II.   Disability Determination

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); 20 C.F.R. § 404.1520. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. *Id.* § 404.1572. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. *Id.* § 404.1520(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If such criteria are met, then the claimant is declared disabled. *Id.* § 404.1520(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. *Id.* § 404.1545.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. *Id.* § 404.1560(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. *Id.* § 404.1520(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his RFC, age,

4

education, and work experience.  20 C.F.R. § 404.1560(c).  Here, the burden of proof

shifts from the claimant to the Commissioner to prove that a significant number of

jobs in the national economy exists that the claimant can perform given her/his

RFC, age, education, and work experience.  *Id.* §§ 404.1520(g), 404.1560(c); *see Rosa

v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I.   The ALJ's Decision

The ALJ determined that Plaintiff met the insured status requirements

through December 31, 2022 and that he had not engaged in substantial gainful

activity since November 11, 2017.  Tr. 29.  The ALJ found that Plaintiff suffered

from the following severe impairments: degenerative disc disease of the cervical

spine; degenerative disc disease of the lumbar spine; status post multiple spinal

surgeries including fusion with instrumentation; post-concussion syndrome;

anxiety; post-traumatic stress disorder ("PTSD"); and migraine headaches.  *Id.*  The

ALJ concluded that Plaintiff's severe impairments did not meet or medically equal

one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Tr. 30.

After considering the entire record, the ALJ determined that Plaintiff had the

RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), with the

following additional limitations:

> can never climb ramps and stairs, never climb ladders, ropes, or
> scaffolds, never balance, stoop occasionally, never kneel, never
> crouch, never crawl; simple, routine repetitive tasks, simple,
> work-related decisions, occasional interaction with supervisors,
> co-workers and the general public; with a sit/stand option,
> changing positions every 15 minutes.

5

Tr. 31.[4]

The ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 36.  The ALJ concluded that Plaintiff was not disabled because his age, education, work experience, and RFC allowed him to perform jobs existing in significant numbers in the national economy.  *Id.*  As such, the ALJ determined that Plaintiff had not been under a disability since his onset date of November 11, 2017. Tr. 37.

II.   **Plaintiff's Argument**

Plaintiff argues that the ALJ's finding is not supported by substantial evidence because the ALJ did not credit any medical opinion regarding mental health, yet found nonexertional mental health related limitations in the RFC.  Dkt. No. 6 at 16-23.[5]

---

[4] Sedentary work involves:

> lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

[5] Neither party asserts that the ALJ erred in formulating Plaintiff's physical RFC; therefore, the physical RFC findings will not be discussed.

III.    **Analysis**

Plaintiff argues that the ALJ's mental RFC determination was the product of legal error because he rejected all psychiatric opinions and crafted an RFC out of whole cloth. Dkt. No. 6 at 16. Plaintiff asserts that, "in the Western District of New York," an ALJ is "not qualified" to assess a plaintiff's RFC on the basis of "bare medical findings," and an RFC without a medical advisor's assessment is not supported by substantial evidence. *Id.* at 17.[6]

Neither the regulations nor Second Circuit case law requires that an ALJ rely on a medical opinion to support an RFC determination. In general, the RFC is an assessment of "the most [Plaintiff] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1). An RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ. *Id.* § 404.1545(a)(1) ("We will assess your residual functional capacity based on all the relevant evidence in your case record."), *see id.* § 404.1546(c) ("the administrative law judge or the

_____

[6] In a string cite, Plaintiff lists a number of cases directly quoting or relying on the language originating in *Smith v. Saul*, No. 17-CV-6641-CJS, 2019 WL 2521188, at *2 (W.D.N.Y. Jun. 19, 2019) ("Decisions in this district have consistently held that an ALJ's RFC determination without a medical opinion backing it is, in most instances, not an RFC supported by substantial evidence."). *See* Dkt. 6-1, at 18-19. But that proposition is not binding because the Circuit Court sets the precedent for District Courts to follow. To the extent Plaintiff argues that the law requires an ALJ to find persuasive, or give controlling weight to, the only opinion in the record assessing a claimant's limitations in mental work-related functioning before making the RFC determination, that is incorrect. *See DePriest v. Comm'r of Soc. Sec.*, 448 F. Supp. 3d 279, 286 (W.D.N.Y. 2020); *see also Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022) ("[W]e also reject Schillo's argument that, having declined to afford controlling weight to any of the three physicians' opinions, the ALJ was thereby prohibited from making an RFC finding whatsoever.").

administrative appeals judge at the Appeals Council . . . is responsible for assessing your residual functional capacity").

Additionally, the regulations direct an ALJ not to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [plaintiff's] medical sources." 20 C.F.R. § 404.1520c. Indeed, the ALJ does not commit error in determining the scope of plaintiff's RFC "because that is his responsibility." *Ramsey v. Comm'r of Soc. Sec.*, 830 F. App'x 37, 39 (2d Cir. 2020).

The Second Circuit has held that the ALJ's RFC conclusion "need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence." *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022), *see Cook v. Comm'r of Soc. Sec.*, 818 F. App'x 108, 109 (2d Cir. 2020) (although there was no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination, such evidence is not required when the record contains sufficient evidence from which an ALJ can assess the plaintiff's RFC); *see Ramsey v. Comm'r of Soc. Sec.*, 830 F. App'x 37, 39 (2d Cir. 2020) (the ALJ did not attempt to forge his own medical opinions based on raw data or reject diagnoses provided by medical professionals, the ALJ properly considered medical opinions and medical notes in formulating RFC); *see Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) ("the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required."); *see Tankisi v. Comm'r of Soc. Sec.*,

521 F. App'x 29, 34 (2d Cir. 2013); *see Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole.").

Further, although an ALJ's conclusion must be supported by substantial evidence, the substantial evidence standard is "not high." *Rucker v. Kijakazi*, 48 F.4th 86, 91 (2d Cir. 2022) (citing *Colgan v. Kijakazi*, 22 F.4th 353, 359 (2d Cir. 2022)). Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).

Here, the ALJ did not impermissibly "forge his own medical opinion based on raw data." *Ramsey*, 830 F. App'x at 39 (the ALJ did not attempt to forge his own medical opinions based on raw data or reject diagnoses provided by medical professionals). The ALJ properly formulated Plaintiff's RFC based on the record as a whole.

Under 20 C.F.R. § 404.1520c, the ALJ must articulate how he or she considered certain factors in assessing medical opinions and prior administrative findings. *See* 20 C.F.R. § 404.1520c(a)-(c).[7]  The regulatory factors are: (1)

---

[7] A prior administrative medical finding is a finding, other than the ultimate determination about whether a plaintiff is disabled, about a medical issue made by the SSA's Federal and State agency medical and psychological consultants at a

supportability, (2) consistency, (3) relationship with the claimant (which has five sub-factors of its own to consider), (4) specialization, and (5) other factors. *Id.* § 404.1520c(c). An ALJ must explain his or her approach with respect to the first two factors when considering a medical opinion, but need not expound on the remaining three. *Id.* § 404.1520c(b).

Consultative examiner Janine Ippolito, Ph.D. examined Plaintiff and assessed mild limitations in mental functioning. Tr. 1154. She opined that Plaintiff's mental impairments were not significant enough to interfere with his ability to function on a daily basis. *Id.* The ALJ found Dr. Ippolito's opinion to be unpersuasive. Tr. 35. The ALJ reasoned that the record showed that Plaintiff was under active treatment for anxiety and PTSD and took prescription medicine for symptoms and, therefore, his mental impairments were severe. Tr. 35.

The ALJ also determined that the prior administrative finding of the State agency medical consultant, T. Inman-Dundon, was unpersuasive. Tr. 35. Dr. Inman-Dundon reviewed the record, including Dr. Ippolito's examination and opinion, and concluded that Plaintiff's neurocognitive disorder and anxiety disorders were non-severe. Tr. 95-96. The ALJ concluded that evidence submitted at the hearing level supported additional functional limitations. Tr. 35.

As stated by the ALJ in his evaluation of the opinion evidence, evidence submitted at the hearing level indicated that Plaintiff had additional mental

---

prior level of review in a plaintiff's current claim based on their review of the evidence in plaintiff's case record. 20 C.F.R. § 404.1513(a)(5).

functional limitations. *See Ramsey*, 830 F. App'x at 39 (ALJ properly assessed opinion evidence, "[i]ndeed, the ALJ occasionally deviated from consultative examiners' recommendations to *decrease* Ramsey's RFC based on other evidence in the record") (emphasis in original). The ALJ considered Plaintiff's testimony that he can no longer work because of daily migraine headaches, anxiety in social situations, memory issues, and difficulty concentrating. Tr. 32. The ALJ further considered Plaintiff's statements that he was able to perform activities such as hunting, taking care of his personal needs, cooking, doing the dishes, watching TV, and using the internet. *Id.*

In assessing Plaintiff's post-concussion syndrome, headaches, anxiety, memory loss, and cognitive difficulties, the ALJ also considered objective medical evidence. The ALJ noted that the record contained evidence of post-concussion syndrome, including dizziness, cloudiness, and headaches. Tr. 33. The ALJ noted an EEG study showing "some intermittent left frontal slowing." Tr. 33, 766-767. The ALJ summarized treatment that Plaintiff received for his anxiety, including medication, and Plaintiff reported his symptoms were "well controlled." Tr. 33, 766, 1207. The ALJ considered treatment that Plaintiff received for headaches, including occipital nerve blocks, which Plaintiff reported to be beneficial. Tr. 33. Plaintiff reported one headache a week, which subsided with Motrin and rest. *Id.* Objective observations in 2018 noted that Plaintiff had normal neurological and mental functioning. *Id.*

Indeed, Plaintiff reported "intermittent symptoms" of dizziness or lightheadedness "quite frequently" that were triggered by position change. Tr. 766. Plaintiff stated his anxiety was "stable," and he used his prescribed Xanax "very infrequently." *Id.* Plaintiff reported one headache per week that did not respond to medication; however, he reported it was "tolerable" to him, he did not wish to pursue any further mediation, and optical nerve blocks were effective. Tr. 1207. He also reported "significant amount of anxiety," however, he used his medication infrequently, which helped him. *Id.*

Additionally, the ALJ considered evidence from 2018 and 2019, wherein Plaintiff sought treatment for headaches, memory loss, cognitive difficulties, dizziness, and anxiety. Tr. 33. The ALJ noted MRI results indicating migraine. Tr. 33-34, 1211. The ALJ further took into consideration that a neurologist noted Plaintiff's medications were helping his anxiety. Tr. 34, 1672. Indeed, in May 2019, Lixin Zhang, M.D. noted that medication "seems to really help his anxiety, depression." Tr. 1672.

The Second Circuit has made clear that it is the plaintiff who bears the burden of proving that his RFC is more restrictive than that found by the ALJ, whereas the Commissioner need only show that the ALJ's decision was supported by substantial evidence in the record. *See Poupore v. Astrue*, 566 F.3d 306 (2d Cir. 2009); *see Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018) ("Smith had a duty to prove a more restrictive RFC, and failed to do so."). Plaintiff has not shown

12

that he was not able to perform work commensurate with the ALJ's RFC finding, nor that no reasonable factfinder could have reached the ALJ's conclusions.

Although the RFC does not mirror a specific medical opinion, the ALJ did not impermissibly rely on his own lay interpretation of raw medical data. The ALJ properly considered the evidence of record, including opinion evidence, objective treatment history, and Plaintiff's activities; and the ALJ's findings are supported by substantial evidence. Accordingly, the Court finds no error. When "there is substantial evidence to support either position, the determination is one to be made by the fact-finder." *Davila-Marrero v. Apfel*, 4 F. App'x 45, 46 (2d Cir. 2001) (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)).

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings (Dkt. 9) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 6). The Clerk of the Court will close this case.


SO ORDERED.


Dated:      July 13, 2023
            Buffalo, New York


                                        _____
                                        JOHN L. SINATRA, JR.
                                        UNITED STATES DISTRICT JUDGE

13